IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ROBERT CHAMBERS, | * | |
| Petitioner, | * | |
| | | Civ. Action No. RDB-16-1238 |
| v. | * | Crim. Action No. RDB-07-0286 |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

On June 16, 2008, *pro se* Petitioner Robert Chambers ("Petitioner" or "Chambers") pled guilty pursuant to a plea agreement to one Count of distribution of cocaine base in violation of 18 U.S.C. § 841. On September 4, 2008 Judge William D. Quarles[1] of this Court sentenced Chambers to 180 months of imprisonment followed by three years of supervised release. (Judgment, ECF No. 60.) On September 11, 2008 Chambers appealed his sentence. (Notice of Appeal, ECF No. 61.) On August 27, 2009 the United States Court of Appeals for the Fourth Circuit dismissed the appeal. (ECF Nos. 69, 70.)

While imprisoned, Petitioner has periodically filed motions seeking to vacate or otherwise amend his sentence. The motions are styled as follows: (1) a "Motion Seeking a Reduction in Sentencing Pursuant to the Fair Sentencing Act of 2010; Amendment # 706; Title 18 U.S.C. § 3553(a)" (ECF No. 89); (2) a "Motion under Rule 60(b)(6) of the Federal Rules of Civil Procedure and/or a Writ of Error Pursuant to 28 U.S.C. § 1651" (ECF No. 104); (3) a "Supplemental Motion under 28 U.S.C. § 2255(f)(2-3), or Motion under 28 U.S.C.

---

[1] On April 26, 2016, upon the retirement of the Honorable William D. Quarles, this case was reassigned to the undersigned.

1

§ 2241 to Vacate, Set Aside or Correct a Sentence of a Person in Federal Custody; and/or a Writ of Error Pursuant to 28 U.S.C. § 1651" (ECF No. 108); (4) a "Motion for Supplemental Authority" (ECF No. 111); and (5) a "Motion to Correct a Plain Error" (ECF No. 112.)

The parties' submissions have been reviewed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2016). For the foregoing reasons, Petitioner's Motion Seeking a Reduction in Sentencing Pursuant to the Fair Sentencing Act of 2010; Amendment # 706; Title 18 U.S.C. § 3553(a) (ECF No. 89) is DENIED; Petitioner's Motion under Rule 60(b)(6) of the Federal Rules of Civil Procedure and/or a Writ of Error Pursuant to 28 U.S.C. § 1651 (ECF No. 104) is DENIED; Supplemental Motion under 28 U.S.C. § 2255(f)(2-3), or Motion under 28 U.S.C. § 2241 to Vacate, Set Aside or Correct a Sentence of a Person in Federal Custody; and/or a Writ of Error Pursuant to 28 U.S.C. § 1651 (ECF No. 108) is DENIED; Petitioner's Motion for Supplemental Authority (ECF No. 111) is DENIED; and Petitioner's Motion to Correct a Plain Error (ECF No. 112) is DENIED.

## BACKGROUND

On June 13, 2008, Chambers pled guilty before Judge William D. Quarles of this Court to distribution of crack cocaine, in violation of 18 U.S.C. § 841. (ECF No. 53.) In his plea agreement, Petitioner stipulated that he qualified as a career offender pursuant to U.S.S.G. § 4B1.1. (Plea Agreement 3, ECF No. 54.) Prior to sentencing, the United States Probation Office completed a presentence investigation report ("PSR") which indicated that Chambers qualified as a career offender under the United States Sentencing Guidelines based on multiple felony drug convictions and multiple convictions for violent crimes including kidnapping, assault with intent to murder, and armed robbery. *See* United States Sentencing Guidelines

Manual § 4B1.1 (U.S. Sentencing Comm'n 2007) (U.S.S.G.); (*see also* Sentencing Tr. 2:15-3:3, ECF No. 65.) Taking into account his acceptance of responsibility, the PSR recommended an adjusted offense level of 30 and a criminal history category of VI, producing an advisory guideline range of 168-210 months imprisonment.

During the sentencing hearing, the parties presented arguments concerning the appropriate sentence. The Government recommended a sentence within the applicable Guideline range of 168 to 210 months. (*Id.* at 3:10-19.) During the sentencing hearing, Chambers' counsel acknowledged that he qualified as a career offender, but sought a sentence falling below the Guideline range based in part on his military service and drug addiction. (*Id.* at 7:17-21.) Taking into account both Chambers' military service and entire criminal history, this Court sentenced Chambers to 180 months imprisonment followed by a three-year term of supervised release. (*Id.* at 20:17-21:6; Judgment, ECF No. 60.)

Petitioner has launched a volley of challenges to his sentence. On September 11, 2008 he appealed this Court's Judgment to the United States Court of Appeals for the Fourth Circuit, and the Court dismissed the appeal. (ECF Nos. 60, 68, 69.) On September 7, 2011, Petitioner filed a Motion for Reduction in Sentence. (ECF No. 89.) On April 25, 2016 Petitioner filed another motion challenging his sentence, which he styled as a "Motion under Rule 60(b)(6) of the Federal Rules of Civil Procedure and/or a Writ of Error Pursuant to 28 U.S.C. § 1651." (ECF No. 104.) On May 3, 2016, shortly after this case was reassigned to the undersigned, this Court issued an Order directing the Government to respond to both Motions. (*Id.*) Subsequently, Chambers filed a "Supplemental Motion" seeking relief pursuant to, *inter alia*, 28 U.S.C. § 2255. (ECF No. 108.) On June 23, 2016, the Government filed its

Response (ECF No. 109.) The Petitioner has submitted a Reply (ECF No. 110) and two additional Motions, styled as follows: a Motion for Supplemental Authority (ECF No. 111) and a Motion to Correct a Plain Error (ECF No. 112.) The Government has not filed a Response to these latter motions.

## STANDARD OF REVIEW

Documents filed *pro se* are "liberally construed" and are "held to less stringent standards than formal pleadings drafter by lawyers." *Erikson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). As further explained below, Petitioner seeks relief pursuant to two statutes: 28 U.S.C. § 3582(c)(2) and 28 U.S.C. § 2255.

### I. Motion to Reduce Sentence Pursuant to 28 U.S.C. § 3582(c)(2).

Petitioner's self-styled "Motion for Reduction in Sentence" is best construed as a Motion to Reduce Sentence Pursuant to 28 U.S.C. § 3582(c)(2). (*See* Pet. Mot. for Reduction in Sentence 4, ECF No. 89 ("At issue here is whether § 3582(c)(2) permits a reduction in the petitioner's sentence . . .")) 28 U.S.C. § 3582(c)(2) presents an exception to the general rule that a court "may not modify a term of imprisonment once it has been imposed." *United States v. Martin*, 916 F.3d 389, 395 (4th Cir. 2019) (quoting 18 U.S.C. § 3582(c) (2018)). To determine whether to reduce a defendant's sentence pursuant to this statute, courts conduct a "two-step inquiry." *United States v. Peters*, 843 F.3d 572, 574 (4th Cir. 2016). First, courts must determine whether the defendant is eligible for a sentence reduction. "Section 3582(c)(2) permits a reduction only if (1) the defendant's 'term of imprisonment [was] based on a sentencing range that has subsequently been lowered by the Sentencing Commission,' and (2) the reduction 'is consistent with applicable policy statements issued by the Sentencing Commission.'" *Id.*

4

(quoting § 3582(c)(2)). The applicable policy statements, which are found in Section 1B1.10 of the Guidelines, permit sentence reductions only when the relevant Guidelines amendment is both retroactively applicable and has "the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). Second, having determined that the defendant is eligible, the Court must consider the factors set forth in Section 3553(a) "to the extent that they are applicable." *Id.* (quoting § 3582(c)(2)). Ultimately, the decision to reduce a defendant's sentence is within this Court's discretion. *United States v. Smalls*, 720 F.3d 193, 195 (4th Cir. 2013).

## II. Motion Pursuant to 28 U.S.C. § 2255.

Under 28 U.S.C. § 2255, a prisoner in custody may seek to vacate, set aside or correct his sentence where: (1) "the sentence was imposed in violation of the Constitution or laws of the United States," (2) the court lacked "jurisdiction to impose the sentence, . . . [(3)] the sentence was in excess of the maximum authorized by law, or [(4) the sentence] is otherwise subject to a collateral attack." 28 U.S.C. § 2255(a). "If the court finds . . . that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

The scope of a § 2255 collateral attack is far narrower than an appeal, and a "'collateral challenge may not do service for an appeal.'" *Foster v. Chatman*, 136 S.Ct. 1737, 1758 (2016)

5

(quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)). Thus, procedural default will bar consideration under § 2255 of any matters that "could have been but were not pursued on direct appeal, [unless] the movant . . . show[s] cause and actual prejudice resulting from the errors of which he complains." *United States v. Pettiford*, 612 F.3d 270, 280 (4th Cir. 2010) (citing *United States v. Mikalajunas*, 186 F.3d 490, 492-93 (4th Cir. 1999)).

## ANALYSIS

Chambers challenges his sentence on three grounds. First, Chambers claims that he is entitled to a recalculation of his sentence in light of the sentencing reforms associated with crack cocaine offenses promulgated under the Fair Sentencing Act of 2010 ("FSA"), Pub. Law. No. No. 111-200, 124 Stat. 2372, and amendments to the Sentencing Guidelines promulgated by the United States Sentencing Commission. (ECF No. 89.) Second, Petitioner argues that the residual clause appearing in the career offender provision of the Sentencing Guidelines is unconstitutionally vague. (ECF Nos. 104, 108.) Finally, Petitioner contends that his prior Maryland drug offenses do not support his career offender designation. (ECF Nos. 111, 112.) For the reasons stated herein, all of these contentions are meritless.

### I. Construction of Motions.

Before turning to the substance of Petitioner's arguments, this Court must first clarify the proper construction of his Motions. Petitioner has styled his five pending motions in a crude fashion, invoking numerous statutory provisions including: the Fair Sentencing Act of 2010 ("FSA"), Pub. Law. No. 111-200, 124 Stat. 2372; 18 U.S.C. § 3553(a); Rules 52(b) and 60(b)(6) of the Federal Rules of Civil Procedure; and 28 U.S.C. §§ 1651, 2241, and 2255. None of these motions are appropriately styled. It is the Motion's subject matter, not its title, that

6

controls this Court's analysis. *See Calderon v. Thompson*, 523 U.S. 538, 553, 118 S. Ct. 1489 (1998); *see also Castro v. United States*, 540 U.S. 375, 382-83, 124 S. Ct. 786 (2003) (noting that a court may recharacterize a pro se litigant's pleadings to "create a better correspondence between the substance of the claim and its underlying legal basis"). A Motion which challenges the validity of a conviction or sentence is best construed as raised pursuant to Section 2255. *See, e.g., Martin v. United States*, No. RDB-04-0029, 2018 WL 1626578, at *2 (D. Md. Apr. 4, 2018) (construing motion under § 2255 because it challenged the legality of the petitioner's criminal sentence).

As previously indicated in this Court's Order of May 3, 2016, this Court shall construe the pending "Motion under Rule 60(b)(6), Federal Rules of Civil Procedure; and/or Writ of Error Pursuant to 28 U.S.C. § 1651" (ECF No. 104) as a Motion to Vacate, Set Aside or Correct Sentence under § 2255 because it challenges the validity of Petitioner's sentence. Petitioner's "Supplemental Motion" (ECF No. 108), which explicitly invokes 28 U.S.C. § 2255 among other provisions, is also best construed as a Motion to Vacate, Set Aside or Correct Sentence under § 2255 because it, too, challenges the validity of his sentence. Petitioner's "Motion for Supplemental Authority" (ECF No. 111) provides additional arguments supporting his contention that his sentence was improper, and is accordingly construed as an amendment to Petitioner's earlier filings.

Petitioner's most recent filing, a "Motion to Correct a Plain Error" is brought pursuant to Rule 52(b) of the Federal Rules of Criminal Procedure. Rule 52(b) provides that "a plain error that effects substantial rights may be considered even though it was not brought to the court's attention." Fed. R. Cim P. 52(b). This standard is inapplicable to post-conviction

7

sentencing challenges. *Wilson v. United States*, PJM-03-457, 2018 WL 1071024, at *1 (D. Md. Feb. 27, 2018) (citing *United States v. Frady*, 456 U.S. 152, 164 (1982)). Rather than summarily dismiss this Motion based on Chambers' misapprehension of the applicable legal standard, this Court construes the Motion as supplementing the arguments presented in his earlier filings.[2]

Only Petitioner's first Motion (ECF No. 89) challenges his sentence under an independent statutory basis. The Motion explicitly invokes § 3582(c)(2), under which a petitioner may seek the recalculation of his sentence on certain narrow grounds. *See* Pet. Mot. for Reduction in Sentence 4, ECF No. 89 ("At issue here is whether § 3582(c)(2) permits a reduction in the petitioner's sentence . . . .")) Accordingly, although this Motion is styled as brought "pursuant to" the FSA and other provisions, it is construed as a § 3582(c)(2) Motion.

## II. Petitioner is not Entitled to a Recalculation of his Sentence under the Fair Sentencing Act ("FSA") or Amendments to the Sentencing Guidelines.

Petitioner argues that his sentence must be reduced based on the application of the Fair Sentencing Act of 2010 ("FSA"). (ECF Nos. 89, 104.) Congress enacted the Fair Sentencing Act of 2010 ("FSA"), Pub. Law. No. No. 111-200, 124 Stat. 2372, in an effort to reduce the disparities between sentences imposed for cocaine base (or "crack") cocaine offenses and those imposed for powder cocaine offenses. *United States v. Schuyler*, ELH-98-259-13, 2013 WL 1707895, at *2 (D. Md. Apr. 19, 2013) (explaining the purpose and history

---

[2] Ordinarily, this Court must provide Petitioner with advance notice of its intent to construe a Motion as brought pursuant to § 2255. *Castro v. United States*, 540 U.S. 375, 383, 124 S. Ct. 786 (2003). As Petitioner has himself explicitly invoked § 2255 in a prior motion, however, *Castro*'s mandate is inapplicable. *See United States v. Baker*, 748 F. App'x 548 (4th Cir. 2019) (per curiam) (explaining that such notice is not required when the petitioner has previously filed a § 2255 motion).

8

of the FSA). "Among other things, the FSA reduced the statutory minimum sentences for crack cocaine offenses by increasing the quantity of crack cocaine necessary to trigger the minimums." *United States v. Black*, 737 F.3d 280, 282 (4th Cir. 2013). The law may only be applied retroactively to offenders who committed an offense prior to August 3, 2010 but were sentenced after that date. *Dorsey v. United States*, 567 U.S. 260, 273, 132 S. Ct. 2321 (2012); *Black*, 737 F.3d at 284 ("In essence the [*Dorsey*] Court held that the FSA should be applied *prospectively* to all sentences imposed after the Act's effective date of August 3, 2010.").

The FSA's changes to the mandatory minimums associated with crack cocaine offenses have no bearing on Chambers' sentence. Chambers' crime of distribution of cocaine base took place on February 15, 2007. (Judgment, ECF No. 60.) His sentence was imposed on September 4, 2008. (*Id.*) This occurred well before the FSA became effective on August 3, 2010. Accordingly, Chambers' sentence remains undisturbed by the FSA.

Chambers additionally argues that Amendment 706 to the Sentencing Guidelines warrants a recalculation of his sentence. Amendment 706, which became effective November 1, 2007, lowers by two offense levels the sentencing ranges associated with crack offenses under U.S.S.G. § 2D1.1. The Sentencing Commission has bestowed Amendment 706 with retroactive effect. *United States v. Brewer*, 520 F.3d 367, 373 (4th Cir. 2008). As this Court has held, however, Amendment 706 has no effect on sentences calculated based on a career offender designation. *See Pariag v. United States*, RDB-09-0404, 2010 WL 4054261, at *2-3 (D. Md. Oct. 14, 2010) (holding that Amendment 706 is inapplicable to defendants sentenced as career offenders) (citing *United States v. Plater*, 322 F. App'x 353 (4th Cir. Apr. 22, 2009) (per curiam); *see also United States v. Bronson*, 267 F. App'x 272 (4th Cir. 2008) (per curiam) (holding

that Amendment 706 was "ultimately of no consequence because calculation of [defendant's] base offense level was driven by the career offender designation").

In this case, Chambers is ineligible for a sentencing reduction because his sentence was based on his career offender status, not the provisions of § 2D1.1. The Plea Agreement Chambers signed explicitly acknowledges that "the applicable base level would ordinarily be a level 16, pursuant to U.S.S.G. § 2D1.1(c)(12), but because the Defendant is a career offender, pursuant to U.S.S.G. § 4B1.1(b)(C) his base offense level is 32 and his criminal history category VI." (Plea Agreement 3.) During sentencing, this Court granted a two-level downward adjustment to Petitioner's offense level, resulting in an offense level of 30 and a criminal history category of VI. (Sentencing Tr. 19:2-3.) This produced an advisory guideline range of 168 to 210 months. During sentencing, both parties acknowledged that Plaintiff was a career offender under the Guidelines. (Sentencing Tr. 3:10-11; 7:17-18.) Noting Plaintiff's lengthy criminal history, including "drug felonies" and "armed robberies, kidnapping, and of course the assault with intent to murder," this Court imposed a sentence of 180 months imprisonment followed by a three-year term of supervised release and a $100 special assessment. (*Id.* at 19:7-21:6.) This record reveals that Chambers' Guideline range was determined based on the application of U.S.S.G. § 4B1.1. As Amendment 706 only affects Guideline ranges determined by § 2D1.1, it does not provide any basis for a sentencing reduction. Accordingly, Chambers' Motion Seeking a Reduction in Sentence is DENIED.[3]

---

[3] To the extent that Petitioner also seeks to invoke Amendment 750 or other Guidelines amendments promulgated in connection with the FSA, this same analysis applies. *United States v. Reed*, 482 F. App'x 785 (4th Cir. 2012) (per curiam) (holding that Amendment 750 had no effect on Guidelines range established as a result of the career offender provision of the Sentencing Guidelines).

### III. Petitioner Was Correctly Classified as a Career Offender Based on His Prior Controlled Substance Convictions.

In his "Supplemental Motion" brought pursuant to 28 U.S.C. § 2255 (ECF No. 108), Chambers argues that this Court erred by sentencing him as a career offender in light of the Supreme Court's ruling in *Johnson v. United States*, 135 S. Ct. 2551 (2015). In *Johnson*, the Supreme Court held that the residual clause of the Armed Career Criminal Act of 1984 ("ACCA"), 18 U.S.C. § 924(e)(2)(b)(ii), was unconstitutionally vague. The Sentencing Guidelines include an identical clause. United States Sentencing Guidelines Manual § 4B1.2(a)(2) (U.S. Sentencing Comm'n 2007). This clause, however, is not similarly susceptible to vagueness challenges because "[u]nlike the ACCA . . . [the Sentencing Guidelines] merely guide the exercise of the court's discretion in choosing an appropriate sentence within the statutory range." *Beckles v. United States*, 137 S. Ct. 886, 892 (2017).

Applying *Beckles*, this Court has repeatedly rejected the precise argument Chambers raises. *See Barham v. United States*, No. RDB-14-0224, 2018 WL 4853255, at *1 (D. Md. Oct. 5, 2018) (rejecting petitioner's contention that this Court must reassess his career offender status in light of *Johnson*); *Allen v. United States*, No. RDB-15-0938, 2017 WL 6336597, at *4 (D. Md. Dec. 12, 2017) (reiterating the holding of *Beckles* and rejecting petitioner's claim that the residual clause of § 4B1.2(a)(2) is unconstitutionally vague). As in these prior cases, the Supreme Court's holding in *Beckles* forecloses Chambers' contention. There is no dispute that Chambers was sentenced pursuant to the career offender provision of the Guidelines. As *Beckles* held, this provision is not susceptible to Chambers' vagueness challenge. Accordingly, *Johnson* offers Chambers no recourse.

Alternatively, even if Petitioner does not qualify as a career offender by virtue of the residual clause, his history of drug offenses provides ample support for this designation. To qualify as a career offender under the Guidelines, a defendant must be (1) at least 18 years old at the time of the instant offense, (2) the instant offense is a felony crime of violence or controlled substance offense, and (3) the defendant has at least two prior felony convictions of either crime of violence or a controlled substance offense. U.S.S.G. § 4B1.1. The Guidelines define the term "controlled substance offense" as "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 4B1.2.

In this case, Petitioner has three prior convictions which satisfy this definition: (1) a 2000 conviction for possession with intent to distribute heroin (Baltimore City Circuit Court Case No. 299173015), (2) a 2000 conviction for unlawful manufacture/distribution of heroin (Baltimore City Circuit Court Case No. 200153006), and (3) a 2004 conviction for possession with intent to distribute heroin (Baltimore City Circuit Court Case No. 104043015). These three convictions alone establish that Chambers is a career offender within the meaning of U.S.S.G. § 4B1.1, irrespective of the applicability of the residual clause.[4]

### IV. Petitioner is not Entitled to Relief under *United States v. Mathis* and related cases.

---

[4] Petitioner repeatedly invokes *United States v. Holloway*, 68 F. Supp. 3d 310, 310-17 (E.D.N.Y. 2014) as an alternative basis for altering his sentence. In *Holloway*, the Government indicated that it did not oppose an order vacating two or more "stacked" charges which resulted in a sentence exceeding 57 years imprisonment. *Holloway*, 68 F. Supp. at 313-15. This case has no relevance here, as the Government opposes Petitioner's requested relief.

While his original motions were pending, Chambers filed a "Motion for Supplemental Authority" (ECF No. 111) and a "Motion to Correct a Plain Error," (ECF No. 112.) Both Motions seek a modification of his sentence in light of *Mathis v. United States*, 136 S. Ct. 2243 (2016) and *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016). Specifically, Petitioner contends that his Maryland drug offenses for possession with intent to distribute are not "controlled substance offenses" under the Sentencing Guidelines and consequently cannot support his career offender designation. The arguments presented in these Motions fail for two reasons. First, challenges to an allegedly mistaken career offender designation are generally not cognizable under § 2255. Second, even if Petitioner's arguments were cognizable, Petitioner's Maryland drug convictions clearly support his career offender classification.

### A. Petitioner's arguments are not cognizable under Section 2255.

Petitioner argues that his Maryland drug convictions cannot support his career offender status, invoking *Mathis v. United States* and a series of opinions issued by the United States Court of Appeals for the Fifth Circuit including *United States v. Hinkle*. In *Mathis*, the Supreme Court reaffirmed that courts must employ the categorical approach—looking only to the elements of the offense, not the facts—to determine whether a prior state conviction qualifies as a predicate offense under the Armed Career Criminal Act. 136 S. Ct. at 2251. In *Hinkle*, the Fifth Circuit discussed *Mathis* and concluded, on direct appeal, that a defendant's Texas criminal convictions did not qualify as a "controlled substance offense" as defined by the Sentencing Guidelines. 832 F.3d at 576. Because this finding potentially invalidated his career offender status, the Court remanded for resentencing. *Id.* at 576-77. Extrapolating from these

cases, Chambers argues that his Maryland drug offenses cannot support his career offender designation.

Chambers' argument is not cognizable under Section 2255, which opens a prisoner's sentence to only limited avenues of attack. *See* 28 U.S.C. § 2255(a). This Court lacks authority to review sentencing defects raised in a § 2255 motion which are neither constitutional nor jurisdictional, unless they amount to "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Foote*, 784 F.3d 931, 936 (4th Cir. 2015) (quoting *Davis v. United States*, 417 U.S. 333, 346, 94 S. Ct. 2298 (1974)). Absent a claim of actual innocence, "a mistaken career offender designation is not cognizable on collateral review." *Stewart v. United States*, No. ELH-13-262, 2017 WL 2361089, at *2 (D. Md. May 31, 2017) (quoting *United States v. Newbold*, 791 F.3d 455, 459 (4th Cir. 2015)).

This Court has previously rejected arguments that *Mathis* and *Hinkle* provide a basis for vacating, setting aside, or correcting a sentence under § 2255. In *Curtin v. United States*, TDC-14-0467, 2018 WL 3611050, at *4 (D. Md. July 27, 2018), a petitioner invoked *Mathis* and *Hinkle* to support his argument that he was erroneously classified as a career offender based on his prior Maryland convictions for possession with intent to distribute controlled substances. 2018 WL 3611050, at *2. This Court determined that these decisions offered him no recourse on collateral review, reasoning that the petitioner had not alleged that he was "actually innocent" of the predicate drug offenses which he claimed were improperly employed to enhance his sentence, but rather that case law post-dating his sentence arguably rendered his career offender classification improper. *Id.* Such arguments were foreclosed by Fourth Circuit precedent which precludes collateral challenges to a career offender

14

designation. *Id.*; *see also United States v. Henry*, 3:15CR162, 2018 WL 2015811, at *1-2 (E.D. Va. Apr. 30, 2018) (holding that petitioner's argument that he was improperly categorized as a career offender in light of *Mathis* was not cognizable under § 2255); *Best v. United States*, No. 1:16CV242, 2017 WL 3726437, at *1 (M.D.N.C. July 6, 2017) (same).

Petitioner's motions must be rejected because they challenge his career offender designation on an impermissible basis. In this case, as in *Curtin*, Petitioner invokes *Mathis* and *Hinkle* to argue that this Court improperly determined that he was a career offender. Here, as in *Curtin*, Petitioner argues that his Maryland drug convictions do not qualify as controlled substance offenses. These arguments were soundly rejected in *Curtin* and in other decisions within this Circuit. They are simply not cognizable under § 2255 and must be rejected.

### B. Even if Petitioner's claims were cognizable, they would fail on the merits.

Even if Petitioner's arguments were properly presented, they nevertheless fail on the merits because Maryland's possession with intent to distribute statute is not broader than the Guidelines definition of controlled substance offense. In *Hinkle*, upon which Chambers relies, the United States Court of Appeals for the Fifth Circuit concluded that a Texas statute did not qualify as a "controlled substance offense" under the Sentencing Guidelines' career offender provision. 832 F.3d at 576. The statute at issue provided that a person committed an offense if he or she "knowingly manufactures, delivers, or possesses with intent to deliver a controlled substance." *Id.* at 572 (citing Tex. Health & Safety Code § 481.112(a) (West 2009)). Unlike the Guidelines definition of "controlled substance offense," however, Texas law defined the term "deliver" as encompassing the act of "offering to sell." *Id.* Applying the categorical approach outlined in *Mathis*, the Court concluded that a conviction under this statute did not

15

qualify as a "controlled substance offense" because, by including "offering to sell" within the definition of "deliver," the statute criminalized a broader swath of conduct than the Guidelines contemplated. *Id.* at 576-77.

Unlike the statute at issue in *Hinkle*, however, Chambers' drug convictions under Md. § 5-602 fit neatly within the Guidelines' definition of "controlled substance offense." *See* Md. Code Ann. Crim. Law § 5-602 (West 2017). To violate § 5-602, a person must "distribute or dispense a controlled dangerous substance; or possess a controlled dangerous substance in sufficient quantity reasonably to indicate under all circumstances an intent to distribute or dispense a controlled dangerous substance." *Id.* As this language closely tracks the Guidelines definition, this Court has recently held that convictions under § 5-602 may serve as predicate offenses for purposes of a career offender designation. *See Fleming v. United States*, No. RDB-14-0400, 2018 WL 6394502, at *4 (D. Md. Dec. 6, 2018); *Curtin*, 2018 WL 3611050, at *5 (D. Md. July 27, 2018); *see also United States v. Wilson*, 595 F. App'x 193, 195 (4th Cir. 2014) (per curiam) (noting that § 5-602 "clearly qualifies as a predicate 'controlled substance offense'"). Accordingly, even if Chambers' arguments had been properly presented to this Court, they would fail because his Maryland state drug convictions clearly qualify as "controlled substance offenses" under the Guidelines.

## CONCLUSION

For the reasons stated above, Petitioner's Motion Seeking a Reduction in Sentencing Pursuant to the Fair Sentencing Act of 2010; Amendment # 706; Title 18 U.S.C. § 3553(a) (ECF No. 89) is DENIED; Petitioner's Motion under Rule 60(b)(6) of the Federal Rules of Civil Procedure and/or a Writ of Error Pursuant to 28 U.S.C. § 1651 (ECF No. 104) is

16

DENIED; Supplemental Motion under 28 U.S.C. § 2255(f)(2-3), or Motion under 28 U.S.C. § 2241 to Vacate, Set Aside or Correct a Sentence of a Person in Federal Custody; and/or a Writ of Error Pursuant to 28 U.S.C. § 1651 (ECF No. 108) is DENIED; Petitioner's Motion for Supplemental Authority (ECF No. 111) is DENIED; and Petitioner's Motion to Correct a Plain Error (ECF No. 112) is DENIED.

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the court is required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). Because reasonable jurists would not find Chamber's claims debatable, a certificate of appealability is DENIED.

Dated: June 20, 2019

*/s/ Richard D. Bennett*
Richard D. Bennett
United States District Judge